Henry G. Smith, J.,
delivered the opinion of the Court.
In March, 1865, a train of cars, of the Nashville and Louisville Railroad Company,. ran over and killed instantly, a man named tjUlick Burke. The train was moving from the north at an easy speed, along a short curve, through a deep cut, near the southern end of the curve and cut, at a point visible to the approaching train, at a distance of about - yards. Burke was lying upon the track, motionless, and testimony was given tending to prove that he was drunk. Very great efforts were made, by the engineer and hands upon the train, as soon as Burke was discovered, to stop the cars and prevent the accident. A conflict, or uncertainty of evidence, appears in the record, to the question, whether the engineer, fireman, or other person on the locomotive, was upon the lookout, and discovered Burke upon the track as soon as it was possible to see him, and whether the alarm. whistle was forthwith sounded, and the brakes put down, and every possible means used to stop the train, and prevent the accident.
Burke was a common laborer, in the employment of the company, and had been sent by the “boss workman” on that section of the road, to proceed up the track, and with his pick to tighten the joints of the *48 rails, until he reached Hendersonville, where he was to help repair a switch. He delayed and failed to go to Hendersonville, from which town, a short distance, the accident occurred.
The action is brought by Margaret Burke, the ad-ministratrix of the decedent, suing for the use of his widow and children. The declaration is in the statutory form, and alleges that the train of cars of the defendant, the railroad company, “wrongfully and by gross negligence, ran over and instantly killed Burke,” laying the damages at $10,000. The plea of not yuilty, was put in by the defendant; and upon this issue the parties went to the jury, who found a verdict of $5,000 against the defendant, on which judgment was rendered; from which ah appeal in error brings the whole case to this Court.
The errors assigned are to be found in the instructions of the Circuit Judge to the jury.
First, The instructions, though not very clear to the point, are to be understood as directing that damages are recoverable, suffered by the widow and children, by reason of the killing of Burke, the husband and father.
Second, The instructions^ giving to the language the full breadth fairly to be understood from the words, directed the jury that the defendant, railroad company, under the clauses upon the subject enacted by the Code, is liable for all the damages occasioned by, or resulting from the collision or accident, unless it be shown by the proof, that the engineer, fireman, or other person, on the locomotive at the time, and on the lookout ahead, and discovered Burke as soon as it was *49 possible to discover him; and, that as soon as discovered, the alarm whistle was sounded, the brakes put down, and every possible means used to stop the train, and prevent the collision or accident; and this, although it was negligence of Burke to be on the track in his condition, and, although the accident or collision was not caused by, or the result of the omission of the precautionary acts prescribed by the Code, and would have occurred though the precautionary acts had all been performed.
The court will do no more now, than indicate the conclusions adjudged upon the case. An opinion in foil, will be prepared hereafter:
First, The damages recoverable, are those suffered by Burke, and which he could have recovered had he lived; and not those suffered by his widow and children in consequence of his being killed.
Such is the proper construction- to be put on the Code, secs. 2291, 2292 and 2293.
The cause of action is the injury done to Burke, and the right of action of the personal representatives, is for that cause of action, and is the right of action Burke had, and could have prosecuted had he lived; and the damages recoverable, are for that cause of action.
The statutes of other States, which have been cited in argument similar, not the same as that of Tennessee, either by express terms or plain implication, give the next of kin a right of action or damages, for the injury done them by the injury done to, or killing of the father, husband, or other relative.
*50 The statute of Tennessee goes no further than to give the next of kin, the damage that may be recovered by the personal representative, for the injury done his decedent.
Second, The proper construction of secs. 1167, 1168, etc., of the Code, is: The railroad company is responsible for the damages occasioned by or resulting from the accident or collision, unless it shows that the precautions prescribed by these sections were performed; and although it may appear that the accident or collision would have occured had the precaution been performed. Cases of hardship and absurdity may occur upon such construction of the clauses of the Code; but the language is explicit and certain, and the construction is inevitable.
Third, These sections are not invalid for want of constitutional or soverign power in the Legislature to enact the law expressed by them.
The statute is founded on a policy of double aspect: one to guard and protect the safety of the general public, and the other, to compensate the injured person, which has sanction in what is called the police power of the government.
Corporate bodies are subject, as natural persons, to general laws enacted to protect and promote the quiet, comfort, health and safety of the people, unless exempt by reason of express stipulations in their charters, or by reason of plain implication from the nature of the privileges or franchises granted by their charter. In the absence of such exemptions, railroad corporations are subject, as would be natural persons in like occu *51 pation, to laws prescribing extraordinary vigilance, skill, exertions and other precautions, to be observed by their servants or agents in the running of trains, for the purpose of preventing accidents or collisions; and subjecting their companies to damages occasioned by or resulting from any accident or collision, unless they show that the prescribed precautions were performed.
Fifth, The negligence of Burke, contributing to the accident, is not a bar to the action, and this by virtue of the secs., 1164, etc., of the Code. Generally the negligence of a person injured by collision upon the track is not a bar to an action by him for damages, unless the railroad company show by proof that all the precautions prescribed by the Code, were performed to prevent the accident.
Sixth, A person injured by a collision or accident caused by his own willful act, cannot, by virtue of the secs. 1166, 1167, etc., maintain an action for damages done him, occasioned by or resulting from the collision or accident.
Seventh, The sections 1166, 1167, 1168, have reference and application, so far as they relate to' actions for damage, to the general public, rather than to the agents and servants employed in the running of trains. An action will not lie in behalf of an agent or servant of that kind, whose negligence or willful act, caused, or contributed to cause the accident or collision occasioning him injury.
Eighth, Negligence of the person injured, which caused, or contributed to cause the accident or collision, or, without which the accident or collision, would not *52 have occurred, may be taken into consideration by the 'jury, in determining the amount of damages proper to be given for the injury. Such construction, the clauses •of the Code will bear, and must be given.
Ninth, The killing of a man is not, of itself, a cause of civil action. The damages recoverable are, for what was incurred or suffered while the person lived. If the killing be absolutely instantaneous, damages are not recoverable, for that would be giving damages for the mere act of killing. •
Tenth, The charge of the judge that the jury may find any amount of damages they may deem right, is erroneous in this: that it omits to designate the particulars of injuries or damage for which damages may be awarded. The charge left the jury substantially without instructions as to what particulars compensation or damages, may be given, and as to what not.
'Reverse the judgment, and send back the cause for a new .trial.